Date signed January 16, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| ALRIDGE RAINWATER, JR. | : | Case No. 04-17440PM |
|  | : | Chapter 7 |
| Debtor | : | |
| ------------------------------- | : | |
| IN RE: | : | |
| JACQUELYN ROBINSON | : | Case No. 05-11969PM |
|  | : | Chapter 7 |
| Debtor | : | |
| ------------------------------- | : | |

## MEMORANDUM OF DECISION

Before the court are Applications for Compensation filed Roger Schlossberg as the Chapter 7 Trustee and as the attorney for the Chapter 7 Trustee acting pursuant to court authorization in the above cases. Both Final Accounts have been approved by the United States Trustee for the District of Maryland. Jacquelyn Robinson filed an objection to the Final Account rendered in her case; no objection was filed in the Alridge Rainwater, Jr. case.

The Applications are filed pursuant to § 330(a)(1) and (2) of the Bankruptcy Code that provides:

**§ 330. Compensation of Officers**

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103--

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
> (B) reimbursement for actual, necessary expenses.
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, for any other party in interest, award compensation that is less than the amount of compensation that is requested.

The Bankruptcy Court has the duty and the power to review fee applications whether or not an objection has been filed. *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833 (CA3 1994).

The court finds that Mr. Schlossberg, who acted as Trustee and counsel in both cases, produced exemplary results for the creditors. In the RAINWATER case, those creditors who filed timely proofs of claim received a dividend in the full amount of their claim, together with interest. In addition, a $10,689.82 surplus was returned to the Debtor. The creditors in the ROBINSON case filing timely proofs of claim were paid in full, as well as three creditors not filing proofs of claim for whom the Trustee filed untimely proofs of claim on August 3, 2006. Bankruptcy Rule 3004 provides in pertinent part:

> **Rule 3004.  Filing of Claims by Debtor or Trustee**
>
> If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. . . .

The bar date for filing proofs of claim pursuant to the Notice of Need to File Proof of Claim Due to Recovery of Assets in ROBINSON, dated March 11, 2005, was June 9, 2005. Under Rule 3004, the Trustee had 30 days after that date to file a timely proof of claim. However, because no one filed objections to the allowance of these untimely claims, and they stand allowed.

In the RAINWATER case, Mr. Schlossberg seeks attorney's fees of $5,719.75, Trustees fees of $13,387.83 and reimbursement of expenses of $19.58. In the ROBINSON case, Mr. Schlossberg seeks attorneys fees of $5,333.00, voluntarily reduced from $6,503.00, Trustee's fees of $17,952.24 and reimbursement of expenses of $83.07. The court finds both applications for attorney's fees in order and will allow those fees in the amounts sought as well as the Trustee's expenses claimed. What concerns the court are the fees sought in both cases as trustee. In the course of the hearing in the ROBINSON case, Mr. Schlossberg pointed out, as stated

above, that the account had been reviewed without objection by the office of the United States Trustee. No one from that office appeared in connection at the hearing on compensation.

In the course of the hearing, Mr. Schlossberg invited the court's attention to § 330(a)(7) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") in addition to the Bankruptcy Code. That section provides: "In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission based on § 326." Mr. Schlossberg suggests that this is a clear acknowledgment by Congress that courts had misinterpreted its prior enactment, and that this court should operate under the new legislation and allow the commission without the necessity of a finding of reasonableness. There is a difference of opinion with respect to the interpretation of this new section. *Compare, In re American Canadian Investments, Inc.*, ftn. 7, ___ B.R. ____, WL 3095642, (BC E.D. Va. 2006), with *In re Clemens*, 349 B.R. 725, 732-733 (BC Utah 2006). In any event, this amendment to the Bankruptcy Code was not made applicable to pending cases by BAPCPA, and the court need not reach this issue in this case. One authority states that "courts may be expected to continue to assess the reasonable of the trustee's fee and award a fee that is less than the statutory commission in light of the effort expended or results obtained. *See Collier on Bankruptcy,* 15th ed. Rev., § 330.03[1][a] (2006).

The source of the funds for the remarkable distributions to creditors in these two cases came from proceeds of sale of the Debtors' homes by a real estate broker, Sharon B. Taylor. Commissions of $12,600.00 in the RAINWATER case and $17,700.00 in the ROBINSON case were paid to Ms. Taylor, as reflected on the Trustee's cash receipts and disbursement record.

Under § 330(a)(2) of the Bankruptcy Code in its formulation applicable to this case, the court may award to the Chapter 7 Trustee reasonable compensation for actual necessary services rendered, together with reimbursement for actual and necessary expenses.

In the ROBINSON case, the Trustee's Application shows that 16.15 hours were devoted as trustee to the case, resulting in an hourly fee of $1,111.60. In the RAINWATER case, the Trustee's Application shows that 18.65 hours were devoted to the case, resulting in an hourly fee of $717.85 to the Trustee for his services as Trustee. Of this time, 5.25 hours were devoted to 21 monthly reconciliations of the Trustee's bank account, and 10 hours of which are lumped together as "post-filing duties, including, but not limited to, disbursing checks, conferring with U.S. Trustee's office on Final Report approval issues, draft and filing request for discharge and

zero balance report, fielding creditor inquiries, locating creditors if checks are returned, paying funds into the Registry of Court, etc." This results in the RAINWATER estate being billed $7,178.50, and the ROBINSON estate being billed $11,116.00 for these ministerial services connected with the closing of every "asset" case under chapter. In ROBINSON the estate is also billed 3.5 hours for routine bank services.

After further careful consideration of the record in both cases, the court finds that the reasonable compensation for the actual and necessary services rendered by the Trustee in the ROBINSON case is $6,150.00, and in the RAINWATER case is $6,750.00. In making this assessment, the court appreciates the fact that the Trustee must, even though the Accounts were approved by the office of the U.S. Trustee, restate the Accounts and spend some additional time on that. Finally, nothing in this case should detract from the exemplary work done by the Trustee. The creditors were well-served by his efforts.

Appropriate orders will be entered.

cc:
Roger Schlossberg, Trustee, 134 West Washington St., P.O. Box 4227, Hagerstown, MD 21741
Anu Kint, Kemet & Hunt, 4920 Niagara Road, #206, College Park, MD 20740
Aldridge Rainwater, Jr., 3123 Forest Run Drive, District Heights, MD 20747
David I. Steinberg, 8630 Fenton Street, #320, Silver Spring, MD 20910
Jacquelyn Robinson, 202 Castelton Terrace, Largo, MD 20774
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**